**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **BENJAMIN BRAY** | * |
| v. | *   CRIMINAL CASE NO. PWG-13-680 |
| | *   (Civil Case No.: PWG-15-3697)[1] |
| **UNITED STATES OF AMERICA** | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On December 12, 2013, the Grand Jury for the District of Maryland indicted Benjamin Bray for conspiracy to distribute a controlled substance (Count I) and being a felon in possession of an explosive (Count IV), among other charges. Indictment, ECF No. 1. On October 20, 2014, Bray entered into a Plea Agreement, under which he would plead guilty to conspiracy to distribute a controlled substance and being a felon in possession of an explosive, and the Government would dismiss the remaining counts. Plea Agr. 1, 5, ECF No. 34. On January 20, 2015, the Court accepted Bray's guilty plea as to Counts I and IV, dismissed the remaining counts, and sentenced him to ninety-six months in prison. Judgment, ECF No. 46. Bray did not appeal his sentence. Def.'s Mot. 2, ECF No. 48.

I now must determine whether to vacate, set aside, or correct the sentence based on either of the two grounds alleged by Bray: that he received ineffective assistance of counsel,[2] and that

---

[1] The ECF Numbers cited herein refer to the documents filed in Bray's criminal case.
[2] Bray states generally that his "counsel . . . [f]ail[ed] to effectively develop a theory of defense" and failed "to subpoena the owner of the gun in which [he] was charge[d] with." Def.'s Mot. Att. I, ECF No. 48-3. He then specifies that his "Counsel (Mr. Donald Jay Meier), never provided [him] with a copy of his pre-trial discovery," and he insists that he told Meier "on a number of occasion[s] [that] the amount of loss [was] incorrect." *Id.* Bray's attorneys of record in this case are Marc Hall and Tyler Mann.

he was sentenced erroneously because he is not a felon.[3]  Def.'s Mot. 4–5.  I conclude that Tyler Hall and Marc Mann's representation of Bray does not support his claim of ineffective assistance of counsel because Bray does not provide any evidence that their performances were ineffective or that he was prejudiced by their conduct.  Further, Bray did not raise the alleged sentencing error on direct appeal, and even if he had, the alleged error is factually incorrect.  Therefore, I will deny Bray's motion.

## I. BACKGROUND

On December 12, 2013, Benjamin Bray was indicted by the Grand Jury for the District of Maryland for (1) one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 841 (Count I); (2) one count of unlawfully making a firearm, in violation of 26 U.S.C. § 5845(a)(8) (Count II); (3) one count of possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(f) and 5871 (Count III); (4) one count of being a felon in possession of an explosive, in violation of 18 U.S.C. § 842(i) (Count IV); and (5) one count of possession of a destructive device in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count V).  Indictment.  On March 28, 2014, Bray made his initial appearance before Magistrate Judge Jillyn K. Schulze.  Initial Hr'g Minutes, ECF No. 7.  On March 31, 2014, Hall was

---

[3]  Bray submitted a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF Nos. 48 & 48-3, and the Government filed an Opposition, ECF No. 59.  I notified Bray that he could file a reply to the Government's Opposition, but he has not done so, and the time for doing so has since passed.  *See* Order, ECF No. 49.  A hearing to decide this motion is not necessary.  *See* Loc. R. 105.6.  Additionally, Bray requests an evidentiary hearing.  Def.'s Mot. 12.  A habeas petitioner only is entitled to an evidentiary hearing if he "come[s] forward with some evidence that the claim might have merit.  Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."  *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrogation on other grounds recognized by Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999); *see also Foote v. Solomon*, No. 14-877, 2015 WL 5674903, at *6 (M.D.N.C. Sept. 25, 2015) (refusing to grant petitioner's request for an evidentiary hearing because his ineffective assistance of counsel claims "fail[ed] for being vague, conclusory, and unsupported").  As discussed below, Bray's claims are unsupported and conclusory.  Therefore, Bray's request for an evidentiary hearing is denied.  *See Nickerson*, 971 F.2d at 1136.

appointed as Bray's attorney pursuant to the Criminal Justice Act of 1964 ("CJA").  CJA Appointment, ECF No. 11.  Hall represented Bray at his detention hearing before Magistrate Judge Charles B. Day on April 1, 2014, where Judge Day ordered Bray detained until trial.  Detention Hr'g Minutes, ECF No. 12; Order of Detention, ECF No. 13.  Subsequently, on July 1, 2014, Bray retained Mann as his attorney.  Entry of Appearance, ECF No. 30.

On October 2, 2014, Bray signed a Plea Agreement and pleaded guilty to Counts I and IV.  Plea Agr. 2.  Mann represented Bray at his rearraignment hearing on October 20, 2014 when Bray was asked whether he "had an opportunity to discuss the charges against [him] . . . with [his] attorney."  Tr. of Rearraignment 6, Ex. 2, ECF No. 59-2.  Bray responded, "Yes, I have."  *Id.*  The Court also asked Bray if he was "satisfied with the legal assistance" Mann gave him.  *Id.*  Bray responded, "Yeah."  *Id.*  Finally, Bray pleaded guilty to Counts I and IV.  *Id.* at 34.

On January 12, 2015, Bray was represented by Mann at his sentencing hearing.  Sentencing Hr'g Minutes, ECF No. 44.  There, the Court first accepted Bray's guilty plea and dismissed Counts II, III, and V.  *Id.*; Judgment 1.  The Court then sentenced Bray to ninety-six months imprisonment, three years of supervised release, an assessment of $200.00, and restitution of $475.00.  Judgment 2–6.  Now Bray, acting without counsel, filed the pending motion to vacate pursuant to 28 U.S.C. § 2255 on December 3, 2015.  Def.'s Mot.

**II.   DISCUSSION**

28 U.S.C. § 2255(a) permits a prisoner to file a motion to vacate, set aside, or correct his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States . . . ."  The prisoner must prove his case by a preponderance of the evidence.  *Brown v. United States*, Civil No. DKC-10-2569 & Crim. No. DKC-08-529, 2013 WL 4562276, at *5 (D. Md. Aug. 27, 2013).  If the court finds for the prisoner, "the court shall vacate and set the

judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Although a *pro se* litigant "is entitled to have his arguments reviewed with appropriate deference," the Court may summarily deny the motion without a hearing "if the § 2255 motion, along with the files and records of the case, conclusively shows that [the prisoner] is not entitled to relief." *Brown*, 2013 WL 4562276, at *5 (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978), and 28 U.S.C. § 2255(b)).

### A. Ineffective Assistance of Counsel Claim

Bray's first ground for vacating his sentence is that his "counsel fail[ed] to . . . render[ ] adequate assistance and cause[d] [Bray] to suffered prejudice." Def.'s Mot. Att. I. This ineffective assistance of counsel claim is based on four allegations: (1) an unnamed attorney "[f]ail[ed] to effectively develop a theory of defense" (Allegation One); (2) an unnamed attorney "[f]ail[ed] to subpoena the owner of the gun . . . which [Bray] was charge[d] with and subsequently plead[ed] guilty to[]," even though the attorney "spoke with this witness and she (Toyea Wadlington), admitted that the gun was her[s] . . . and [she] informed him that the gun was found in (Shalonda Hinton['s]) apartment (2816- West Kentucky Street Apt. #1.)," (Allegation Two); (3) "Counsel (Mr. Donald Jay Meier), never provided [Bray] with a copy of his pre-trial discovery" (Allegation Three); and (4) Bray "told counsel (Mr. Donald Jay Meier) on a number of occasion[s] the amount of loss [was] incorrect and therefore [Bray's sentencing] guideline range was improperly calculated" (Allegation Four). *Id.*

Allegations Two, Three, and Four are unrelated to Bray's case. Allegation Two is unrelated because none of the counts Bray pleaded guilty to or was indicted for involved a gun. *See* Plea Agr. 2 ("Defendant knowingly possessed an explosive device . . . ."); Indictment 2

("Bray, did knowingly aid and abet another individual in the making of a firearm . . . by making a destructive device in College Park, Maryland."). Further, Bray's second allegation mentions Toyea Wadlington, Shalonda Hinton, and an apartment at 2816 West Kentucky Street. Def.'s Mot. Att. I. Yet, neither the apartment nor these individuals were involved in this case. *See* Stmt. of Facts, ECF No. 34-1.

Bray's Third and Fourth Allegations also are unrelated to Bray's case because he states that his attorney was Donald Jay Meier. Def.'s Mot. Att. I. However, Bray only was represented in this case by his CJA attorney, Hall, and his retained attorney, Mann. *See* Dkt. Nonetheless, even if Allegations Three and Four are related to Hall or Mann's representation of Bray, "bald allegations of ineffectiveness without factual support are not enough to overcome the presumption that counsel's actions were part of competent legal strategy." *Michael v. United States*, 168 F. Supp. 2d 518, 523 (D. Md. 2001). Without additional evidence of Hall or Mann's ineffectiveness, Allegations Three and Four do not support a valid claim of ineffective assistance of counsel.

Allegation One is the only allegation that could relate to Bray's case. However, Bray's allegation that his attorneys "[f]ail[ed] to effectively develop a theory of defense," Def.'s Mot. Att. I, without additional evidentiary support, is not a meritorious ineffective assistance of counsel claim. An ineffective assistance of counsel claim will succeed only if a defendant shows that "counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby." *United States v. Lomax*, Civil No. WMN-13-2375 & Crim. No. WMN-10-145, 2014 WL 1340065, at *2 (D. Md. Apr. 2, 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984)). In reviewing counsel's performance, there is a "strong presumption that counsel's conduct was within the

wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992). Further, a defendant is prejudiced where, after he enters a guilty plea, he "show[s] that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, Bray only alleges that his attorneys "[f]ail[ed] to effectively develop a theory of defense." Def.'s Mot. Att. I. Bray fails to identify evidence of how this failure shows that his counsel's performance was "constitutionally deficient." *Strickland*, 466 U.S. at 682. Therefore, Bray does not overcome the "strong presumption that counsel's conduct was within the wide range of reasonable professional assistance." *Id.* at 689.

Moreover, Bray's allegation against his attorneys contradicts the record of the case. Hall filed two significant pretrial motions on behalf of Bray prior to his guilty plea. *See* Mot. to Suppress, ECF No. 22; Mot. for 404(b) Disclosure, ECF No. 23. Mann represented Bray at his rearraignment where Bray affirmed that he was "satisfied with the legal assistance" he received from Mann.[4] Tr. of Rearraignment 6. A defendant is "bound by the representations he makes under oath during a plea colloquy," unless he presents "clear and convincing evidence to the contrary." *Fields*, 956 F.2d at 1299. Bray does not provide any evidence to discredit his previous testimony before this Court. Therefore, without evidence to the contrary, Bray does not overcome the presumption that his attorneys provided effective assistance of counsel. *See Id.*

---

[4] Bray was never asked if he was satisfied with the legal assistance of Hall during his rearraignment, nor did he ever affirm on the record that he was satisfied with the work of Hall. However, as previously discussed, Bray does not offer any evidence to overcome the presumption that his attorneys' conduct was "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

However, even if Bray proved that his attorneys' representation was "constitutionally deficient," he does not offer any evidence that he was prejudiced by his attorneys' representation. *Strickland*, 466 U.S. at 682. As noted, a defendant who pleaded guilty shows prejudice where, "but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *United States v. Fabian*, 798 F. Supp. 2d 647, 670–71 (D. Md. 2011) (quoting *Hill*, 474 U.S. at 59). Here, Bray does not offer any evidence that, if his counsel had "effectively develop[ed] a theory of defense," he would not have pleaded guilty and instead would have insisted on going to trial. Def.'s Mot. Att. I. Without such evidence, and because it is the defendant who "bears the burden of proving *Strickland* prejudice," Bray's ineffective assistance of counsel claim lacks merit. *Fields*, 956 F.2d at 1297.

Therefore, because Allegations Two, Three, and Four, are unrelated to his case, and Allegation One is not supported by sufficient evidence, Bray's ineffective assistance of counsel claim is denied.

### B. Erroneous Sentencing Claim

Bray's second ground for vacating his sentence is that he "was incorrectly scored for a (Felony Assault-Secord [sic] Degree Charge)." Def.'s Mot. 5. On January 12, 2015, this Court accepted Bray's guilty plea, which included Count IV, being a felon in possession of an explosive, and sentenced him to ninety-six months in prison. Sentencing Hr'g Minutes; Plea Agr. 2; *see* 18 U.S.C. § 842(i). Bray did not appeal his sentence. Now, Bray contends that the basis for Count IV, that he was a felon, is incorrect and therefore it "was scored in the wrong sentencing category." Def.'s Mot. 5. However, Bray's claim is procedurally barred and, even if it were not, it does not reflect the facts of his case.

A federal prisoner may file a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. However, the scope of the issues that could be raised in this motion is limited:

> Generally, a petitioner that does not raise issues on direct appeal cannot raise them in a § 2255 collateral attack, as "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant [1] must show cause and actual prejudice resulting from the errors of which he complains," *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999), or he [2] must show "actual innocence," *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010).

*Scott v. United States*, Crim. No. RWT-04-235 & Civ. No. RWT 10-3528, 2014 WL 671728, at *2 (D. Md. Feb. 19, 2014). Here, Bray does neither and thus his erroneous sentencing claim is procedurally barred.

Bray attempts to show cause and actual prejudice by contending that "[i]f U.S. Probation & Parole Department, would have check[ed] with the State of Maryland, the[y] would have been able to verif[y] that this [prior assault] offense was a (Misdemeanor)." Def.'s Mot. 5. Bray furthur argues that "as a direct result of this incorrect scoring, this petitioner was scored in the wrong sentencing category." *Id.* However, the record reveals the opposite; Bray was a felon when he possessed an explosive device.

Maryland law classifies a second degree assault as a misdemeanor. Md. Code Ann., Crim. Law § 3-203(b) ("a person who violates subsection (a) of this section is guilty of the misdemeanor assault in the second degree"). However, federal law defines a felony as a crime punishable by more than one year imprisonment. 18 U.S.C. § 3156(a)(3). Therefore, a second degree assault conviction in Maryland is classified as a felony under federal law because a second degree assault conviction "is subject to imprisonment not exceeding 10 years." Crim. Law § 3-203(b).

On February 13, 2007, Bray received an eighteen month suspended sentence for committing a second degree assault in Maryland.  Pre-Sentencing Report 8, ECF No. 41; Def.'s Mot. Ex. 2, ECF No. 48-2.[5]  When Bray possessed an explosive device on December 18, 2012, he was a felon as defined under 18 U.S.C. § 3156(a)(3).  Therefore, Bray does not show "actual prejudice" or "actual innocence" that would entitle him to relief under § 2255 without raising this issue on direct appeal.  *Scott*, 2014 WL 671728, at *2.

Moreover, even if Bray raised this issue on direct appeal, only under "extraordinary circumstances" will "an error in the application of the Sentencing Guidelines . . . be raised in a § 2255 proceeding."  *United States v. Pregent*, 1990 F.3d 279, 283–84 (1999).  Bray does not identify any errors that could "constitute[ ] 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).  Therefore, Bray's improper sentencing claim also is denied.

### III.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 and 2255 provides that the court must "issue or deny a certificate of appealability when it enters a final order adverse to the petitioner."  *Brown*, 2013 WL 4562276, at *10.  This certificate "is a 'jurisdictional prerequisite' to an appeal from the court's order" that "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'"  *Id.* (quoting 28 U.S.C. § 2253(c)(2) and citing *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007)).  A prisoner makes this showing "[w]here the court denies a petitioner's motion on its merits . . . [and] reasonable jurists would find the district court's assessment of the constitutional claims

---

[5]    Indeed, the Statement of Facts that Bray signed as part of his plea agreement states that "BRAY has been convicted in Maryland state court of multiple crimes which are punishable by imprisonment for more than one year, including two Second Degree Assault charges."  Stmt. of Facts 2.

debatable or wrong." *Id.* (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Bray has not shown that a reasonable jurist "would find the district court's assessment of the constitutional claim[ ] debatable or wrong," and therefore has not made a substantial showing that his Constitutional rights were denied, this Court will not issue a certificate of appealability. *Slack*, 529 U.S. at 484; *see also* 28 U.S.C. § 2253(c)(2); *Miller-El*, 537 U.S. at 336–38. However, this ruling does not preclude Bray from seeking a certificate of appealability from the Fourth Circuit. *See* 4th Cir. Loc. R. 22(b)(1).

## IV. CONCLUSION

For the reasons stated above, Bray's motion to vacate, set aside or correct the sentence is DENIED.

## ORDER

Accordingly, it is this 28th day of September, 2016, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Bray's Motion under § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 48, in Criminal Case No. PWG-13-680 IS DENIED;

2. The Clerk SHALL FILE a copy of this Memorandum Opinion and Order in Criminal Case No. PWG-13-680 and Civil Case No. PWG-15-3697;

3. The Clerk SHALL MAIL a copy of this Memorandum Opinion and Order to Defendant; and

4. The Clerk SHALL CLOSE Civil Case No. PWG-15-3697.

/S/
Paul W. Grimm
United States District Judge

src